IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD NELSON, :
:
      Petitioner, :
:
V. :
: NO. 7:24-cv-00074-WLS-TQL
JOSHUA CLARK BELL, :
*et al.*, :
:
      Respondents. :
:
_____ :

## ORDER OF DISMISSAL

Kayla Nelson filed a petition for a writ of habeas corpus on behalf of Richard Nelson, a detainee in the Grady County Jail in Cairo, Georgia. Pet. for Writ of Habeas Corpus, ECF No. 1. Because Kayla Nelson is not an attorney, she does not have the authority to represent Richard Nelson in this legal proceeding. *See Stewart v. Moses*, Case No. 7:14-cv-00034-HL, 2014 WL 2986730, at *1 (M.D. Ga. July 2, 2014); *see also Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (per curiam). Moreover, because Richard Nelson did not sign the writ petition as required by Fed. R. Civ. P. 11(a), he was ordered to personally complete and sign a petition for a writ of habeas corpus if he wanted to proceed with this action. Order, ECF No. 3.

Petitioner was given fourteen days to complete and return the writ petition and was cautioned that his failure to do so could result in the dismissal of this case. Thereafter, more than fourteen days passed following entry of that order, during which Petitioner did not file a new petition or otherwise respond to the order for him to do so. Therefore,

Petitioner was ordered to show cause to the Court why this case should not be dismissed based on his failure to file a new habeas corpus petition that he had personally signed. Order to Show Cause, ECF No. 4.

Petitioner was given fourteen days to respond and was cautioned that his failure to do so was likely to result in the dismissal of this case. *Id.* More than fourteen days have now passed since entry of the show cause order, and Petitioner has not responded to that order. Additionally, the order, which was sent to Petitioner at the Grady County Jail, the only address on file for Petitioner, has been returned to this Court as undeliverable. Mail Returned, ECF No. 5. It is Petitioner's responsibility to keep the Court informed as to his current address, and insofar as this Court has no information about Petitioner's current whereabouts, this case cannot continue.

Thus, because Petitioner has failed to respond to the Court's orders or otherwise prosecute this case, the petition is now **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this 7th day of November 2024.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT